MR. JUSTICE SHEEHY,
dissenting:
The majority have selectively interpreted Section 39-71-401, MCA, regarding that portion of the statute which accords with their view of the case, and disregarding an equally applicable portion of the statute because it is troublesome.
Under Section 39-71-501, MCA, an “uninsured employer” means an employer who has not properly complied with the provisions of Section 39-71-401, MCA. Note that the definition refers to the whole of Section 39-71-401, and not merely to Subdivision (1) thereof.
The majority have relied on Subdivision (1) of Section 39-71-401, which provides in part:
“An employer who has any employee in service under any appointment or contract of hire, express or implied, oral or written, shall elect to be bound by the provisions of compensation plan number 1, 2 or 3 ... .”
However that is not the only duty placed upon employers under Section 39-71-401. It is provided in Subdivision (4) (a) of that statute as follows:
“(4) (a) A private corporation shall provide coverage for its officers and other employees under the provisions of compensation plan number 1 [self insurance], 2 [private insurer] or 3 [state fund insurance] ...” (Emphasis added.)
Great Western Sugar Company enrolled under plan number 1, a self insurer. It is a private corporation and so is bound by Subdivision (4) of Section 39-71-401. It has not provided coverage for its “other employees” as a self insurer as it is required to do under that Subdivision. Thus under Section 39-71-501, Great Western Sugar Company is an “uninsured employer” because it has not properly complied with the provisions of 39-71-401.
In Section 39-71-505, MCA, it is provided that with respect to uninsured employers, all appropriate provisions in the Workers’ Compensation Act apply to the fund in the same manner as they apply to compensation plan numbers 1, 2 and 3. Included in that command is the statute requiring liberal construction of the Workers’ *451 Compensation Act in favor of the employee, a statute which was in effect at the time of this loss.
In Gidley v. W.R. Grace and Company (1986), [221 Mont. 36,] 717 P.2d 21, 43 St.Rep. 616, we had before us the Montana Occupational Disease Act (MODA). In that case, we determined that the rationale that applies to Workers’ Compensation cases applied to MODA, because both Acts involve the same employer/employee relationship and the same rules of liberal construction should apply. We should apply the same rules of liberal construction to this case and determine Caldwell in effect is in fact an employee of an “insured employer” because his employer has not provided coverage to him to the extent that he is entitled.
Liberal construction is not required in this case; literal construction is. Under 39-71-401(4)(a), MCA, a private corporation such as Great Western is required to provide coverage for its employees under some compensation plan. It has not complied with that provision. It is an “uninsured employer” under Section 39-71-501, MCA.
It is mere babble in this case to talk about the clear meaning of the statute, where literally and clearly Great Western is an uninsured employer. In the construction of a statute, the office of the Court is simply to ascertain and declare what is in terms or is substance contained therein, not to insert what has been omitted or to omit what has been inserted; where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all. Section 1-2-201, MCA.
This Court is committing a grave error in denying this worker access to such benefits as may be available from the uninsured employer’s fund.
MR. JUSTICE HUNT concurs in the foregoing dissent.